J-S53004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BERNADIN ESTRIPLETEL | : | |
| | : | |
| Appellant | : | No. 1828 EDA 2017 |

Appeal from the Judgment of Sentence January 6, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0002842-2013

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT*, J.

JUDGMENT ORDER BY PLATT, J.:                **FILED OCTOBER 15, 2018**

Appellant, Bernadin Estripletel, appeals from the judgment of sentence imposed following his jury conviction of possession of a controlled substance with intent to deliver (PWID), knowing and intelligent possession (K&I), and criminal use of a communication facility.  Appellant claims the search warrant lacked the requisite specificity.  We affirm.

Appellant presents one question for our review:

> Did the [trial] court err when it found that the [s]earch [w]arrant issued in the instant case was constitutionally valid, wherein the warrant described the premises to be searched as 1643 Longshore Avenue, a two-story dwelling . . . [ ] when the property actually was a multi-unit apartment house?

(Appellant's Brief, at 3).

_____
*   Retired Senior Judge assigned to the Superior Court.

The transcript of the suppression hearing is unavailable.[1]  Furthermore, there is no indication in the available record that Appellant made any attempt to reconstruct the record.  **See** Pa.R.A.P. 1923, Statement in Absence of Transcript (providing appellant may prepare statement of evidence or proceedings from best available means, including recollection).

Instead, Appellant suggests reliance on the trial transcript.  However, our Supreme Court has ruled that "[w]e may consider only evidence presented at the suppression hearing."  **Commonwealth v. Moser**, 188 A.3d 478, 482 (Pa. Super. 2018) (citing **In re L.J.**, 79 A.3d 1073 (Pa. 2013) (reviewing court may not look beyond evidentiary record presented at pre-trial hearing in examining denial of suppression);**see In re L.J.**, at 1087 (deciding that our procedural rules do not support a reviewing court looking beyond the evidentiary record presented at the pre-trial hearing in examining a denial of suppression).  Therefore, Appellant's claim is unreviewable.  His issue is waived.

Judgment of sentence affirmed.

---

[1] (**See** Trial Court Opinion, 7/11/17, at 3, **see id.** at n.2; **see also** email of Court Reporter, 7/03/17) (court reporter confirming that files of transcript are corrupt without back-up available)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/15/18</u>